08-CV-3918-BZ  ADR  ECF

# CIVIL COVER SHEET

JS 44 (Rev. 12/07) (cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
MOE SAMIEIAN, an individual; and MOE'S HOME COLLECTION, LLC, a California limited liability company

### DEFENDANTS
RICHARD STORELEE, an individual; STATE FARM INSURANCE, INC., a foreign insurance company; and DOES 1 to 10, inclusive

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Alameda**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Alexander J. Berline (415) 777-3200
HANSON BRIDGETT LLP
425 Market Street, 26th Floor
San Francisco, CA 94105

Attorneys (If Known)

Robert S. McLay (916) 449-3958
HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP
770 L Street, Suite 950
Sacramento, CA 95814

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [X] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [X] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | PERSONAL PROPERTY | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | IMMIGRATION | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus - Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332, 1441(a)

Brief description of cause:
An action wherein the matter in controversy exceeds $75,000 and is between citizens of different states

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE: August 15, 2008

SIGNATURE OF ATTORNEY OF RECORD

10579611.tif - 8/15/2008 12:26:37 PM

E-filing

1  STEPHEN M. HAYES (SBN 83583)
   **HAYES DAVIS BONINO ELLINGSON**
2  **McLAY & SCOTT, LLP**
   203 Redwood Shores Parkway, Suite 480
3  Redwood Shores, California 94065
   Telephone: 650.637.9100
4  Facsimile: 650.637.8071

FILED
AUG 15 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

5
6  ROBERT S. McLAY (SBN 176661)
   CHERIE M. SUTHERLAND (SBN 217992)
   **HAYES DAVIS BONINO ELLINGSON**
7  **McLAY & SCOTT, LLP**
   770 L Street, Suite 950
8  Sacramento, California 95814
   Telephone: 916.449.3958
9  Facsimile: 916.449.8256

10
   Attorney for Defendants
11 RICHARD STORELEE and STATE FARM MUTUAL AUTOMOBILE
   INSURANCE COMPANY (erroneously sued as STATE FARM
12 INSURANCE, INC.)

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

ADR

15 MOE SAMIEIAN, an individual; and MOE'S     | CASE No. C08-03918
   HOME COLLECTION, LLC, a California
16 limited liability company,                  | [State Court Action: 08397801]

17            Plaintiffs,

18        vs.                                  | **STATE FARM MUTUAL AUTOMOBILE**
                                                **INSURANCE COMPANY'S NOTICE OF**
19                                              **REMOVAL OF STATE ACTION UNDER**
                                                **28 U.S.C. SECTION 1332, 1441(a)**
20 RICHARD STORELEE, an individual; STATE     | **[DIVERSITY JURISDICTION];**
   FARM INSURANCE, INC., a foreign insurance
   company; and DOES 1 TO 10, inclusive,       | **DEMAND FOR JURY TRIAL**

            Defendants.

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendants State Farm Mutual Automobile Insurance

Company and Richard Storelee (hereinafter collectively referred to as "State Farm") hereby

removes to this Court the state action described below:

1. State Farm is a Defendant in the civil action commenced on July 11, 2008, in the

-1-

STATE FARM'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1332

Superior Court of the State of California, County of Alameda, Case No. 08397801 entitled *Moe Samieian, Moe's Home Collection, LLC v. Richard Storelee and State Farm Insurance, Inc., and Does 1 to 10.*

2. Defendant State Farm was served with a copy of the Summons and Complaint on July 18, 2008. A true and correct copy of the Complaint is attached hereto as Exhibit "A" and is incorporated as part of this notice. The Summons and Complaint constitute all of the process and pleadings received by Defendant State Farm. Defendant Richard Storelee was served with a copy of the identical Complaint.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one that may be removed to this Court by State Farm pursuant to the provisions of 28 U.S.C. section 1441, subdivision (a), in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of different states.

4. Plaintiff Moe Samieian ("Samieian") is a citizen of Vancouver, Canada. Samieian's resident address is 2360 Granville Street, Vancouver, BC, Canada, YGH3GE. (Declaration of Robert S. McLay, Exhibit "B".) Further, an article found on website http://www.moeshomecollection.com/news.php states the following: "Samieian maintains residences in Seattle and China, but Vancouver is home. In Vancouver, he sponsors and plays on a soccer team in a league that he's been affiliated with for more than 25 years." (Declaration of Robert S. McLay, Exhibit "C".)

5. Plaintiff Moe's Home Collection, LLC ("Moe's LLC") is also a citizen of Vancouver, Canada. "For purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen." (*Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020 (11 Cir. 2004).) As set forth in Moe's LLC's Articles of Organization filed with the California Secretary of State's office, Plaintiff Moe Samieian is the only member of Moe's LLC. Samieian's address is 2350 Granville Street, Vancouver, BC, Canada. (Declaration of Robert S. McLay, Exhibit "C".) Consequently, since Samieian is a citizen of Vancouver, Canada, Moe's LLC is also a citizen of Vancouver, Canada.

6. Defendant State Farm, at the time of the commencement of this action, and at all times since, has been a citizen of the State of Illinois, having been incorporated under the laws of the State of Illinois, and continues to have its principal place of business in the State of Illinois.

7. Defendant Richard Storelee is a citizen of the State of California. (Complaint, p. 2:4-7.)

8. The fact that the amount in controversy exceeds the minimum requirement for diversity jurisdiction can be determined by the nature of the claims and the amount and type of damages sought in the Complaint.

9. The instant action arises out of an automobile accident that occurred on June 16, 2004 wherein "SAMIEIAN was driving the HUMMER when he accidentally struck Murat Dikey." (Complaint, 5:21-22.) Mr. Dikey filed suit against Samieian and Moe's LLC for damages caused by the accident. (Complaint, 5:23-24.) Samieian was found liable for "$1,000,650 (Canadian Dollars) in damages plus additional amounts to be determined." (Complaint, 5:25-26.) Samieian alleges "he was injured by State Farm when he did not have sufficient liability limits to cover the judgment." (Complaint, 5:27-6:1.) Samieian alleges that State Farm has promised to pay $250,000 (US Dollars) of the judgment, "leaving Plaintiffs responsible [for] the balance of said judgment." (Id.) According to Samieian's Complaint, he asked for the maximum amount of bodily injury liability coverage and that Defendants negligently advised Samieian that that the maximum amount available was $250,000, when in fact this was not the maximum amount of coverage. (Complaint, 8:25-9:4 and 10:14-16.) At the time of the accident, Samieien was insured with State Farm under policy number 74 9567-E14-05A which had bodily injury liability limits of $250,000/$500,000. State Farm "has promised to pay $250,000 (US Dollars) of said judgment." (Complaint, 5:27-28.)

10. Based upon Samieien's allegations that he had suffered injury because he was not insured up to the maximum amount that would cover the $1,000,650 (Canadian Dollars) judgment, it is apparent that Samieian is seeking the differential between the $250,000 policy limit and $1,000,650 judgment since he feels he should have had more since he claims he requested the maximum amount of coverage. In addition, Samieien is seeking general and compensatory damages. (Complaint, p. 13:3-4.) These damages can be sufficient to invoke the jurisdictional minimum. (*Simmons v. PCR Technology*, 209 F Supp 2d 1029 (N.D.Cal.2002); *Richmond v.*

*Allstate Insurance Company*, 897 F.Supp. 447, 451 (S.D. Cal. 1995); and, *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir.2001)). Based upon the economic and non-economic damages, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## DEMAND FOR JURY TRIAL

State Farm and Storelee hereby demand a trial by jury as provided by Rule 38, subdivision (a), of the Federal Rules of Civil Procedure.

Dated: August 14, 2008

HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP

By _____
STEPHEN M. HAYES
ROBERT S. McLAY
CHERIE M. SUTHERLAND
Attorney for Defendant
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and RICHARD STORELEE

-4-

Exhibit "A"

07/24/2008 15:53 FAX 408 558 2956   PROP & CAS CLAIM   ☒002

REC'D BY: Ron Herman
DATE: 7-18-08   TIME: 4:35 p

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

STATE FARM INSURANCE
IRVINE OPERATIONS CENTER

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
RICHARD STORELEE, an individual; STATE FARM INSURANCE, INC., a foreign insurance company; and DOES 1 - 10, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MOE SAMIEIAN, an individual; and MOES'S HOME COLLECTION, LLC, a California limited liability company,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
 There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

 Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
 Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California,
(www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is: *(El nombre y dirección de la corte es):* Alameda County Superior Court Rene C. Davidson Courthouse 1225 Fallon Street Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):* **08397801** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexander J. Berline - 158098   (415) 777-3200   (415) 541-9366
Christine Hiler - 245331
Hanson Bridgett LLP
425 Market Street, 26th Floor, SF, CA 94105

DATE: JUL 11 2008   Clerk, by _Kmel Ohillon_, Deputy
*(Fecha)*   Pat S. Sweeten   *(Secretario)*   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): State Farm Insurance, Inc., a foreign insurance Company
   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

1  HANSON BRIDGETT LLP
   ALEXANDER J. BERLINE - 158098
2  aberline@hansonbridgett.com
   CHRISTINE HILER - 245331
3  chiler@hansonbridgett.com
   425 Market Street, 26th Floor
4  San Francisco, CA 94105
   Telephone:  (415) 777-3200
5  Facsimile:   (415) 541-9366

6  Attorneys for Plaintiffs
   MOE SAMIEIAN, an individual; and
7  MOE'S HOME COLLECTION, LLC, a
   California limited liability company

8

9             SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF ALAMEDA

11

12 MOE SAMIEIAN, an individual; and      No.    08397801
   MOE'S HOME COLLECTION, LLC, a
13 California limited liability company,  COMPLAINT FOR BREACH OF
                                          CONTRACT, NEGLIGENT
14            Plaintiffs,                 MISREPRESENTATION,
                                          PROFESSIONAL NEGLIGENCE,
15    v.                                  TORTIOUS BAD FAITH, REFORMATION
                                          & DECLARATORY RELIEF
16 RICHARD STORELEE, an individual;
   STATE FARM INSURANCE, INC., a
17 foreign insurance company; and
   DOES 1 TO 10, Inclusive,
18
              Defendants.
19

20    Plaintiffs MOE SAMIEIAN (hereinafter, "SAMIEIAN"), and MOE'S HOME

21 COLLECTION, LLC (hereinafter, "MOE'S LLC") (collectively, "Plaintiffs"), allege as

22 follows:

23                        **IDENTIFICATION OF PARTIES**

24    1.    At all times herein mentioned, Plaintiff MOE'S LLC, a California limited

25 liability company headquartered in Richmond, CA, was the owner of a 2004 H2 Hummer

26 automobile registered in California, license number 5HJM631 (hereinafter, the

27 "HUMMER").

28    2.    At all times herein mentioned, Plaintiff SAMIEIAN was, and is, the

- 1 -
COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENT MISREP., PROFESSIONAL
NEGLIGENCE, TORTIOUS BAD FAITH, REFORMATION & DECLARATORY RELIEF        1546081.2

president of MOE'S LLC who purchased and registered the HUMMER in Alameda county on behalf of MOE'S LLC. SAMIEIAN has a U.S. Green Card and maintains a residence in California.

3. At all times herein mentioned, Defendant Richard Storelee, was, and is, an insurance agent and/or broker licensed under the laws of the State of California (license number 0595470) and engaged in business as such in Fremont, California (hereinafter, "STORELEE").

4. At all times herein mentioned, Defendant State Farm Insurance, Inc. was, and is, an Illinois insurer authorized to transact, and transacting, business in the state of California as an insurance company (hereinafter, "STATE FARM").

5. At all times herein mentioned, STORELEE was the insurance broker for SAMIEIAN and MOE'S LLC and/or the duly authorized agent and employee of STATE FARM and in doing the things hereinafter mentioned was acting within the course and scope of his agency and employment.

6. Plaintiffs are ignorant of the true names and capacities whether individual, corporate, associate, or otherwise of defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these defendants by those fictitious names. Plaintiffs are informed and believe, and on that basis allege, that these defendants are in some manner responsible for the acts, omissions and events herein referred to, and negligently or otherwise caused injuries and damages proximately thereby to Plaintiffs as alleged in this Complaint. Accordingly, Plaintiffs sue defendants DOES 1 through 10 under such fictitious names. Plaintiffs pray for leave to amend this Complaint to name properly and charge each such defendant when all necessary facts have been ascertained. (Hereinafter, STORELEE, STATE FARM, and DOES 1 through 10 are collectively referred to as "Defendants").

### JURISDICTION AND VENUE

7. Jurisdiction is proper in the Superior Court for County of Alameda pursuant to California Code of Civil Procedure §410.10 because this Court has general subject

- 2 -

COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENT MISREP., PROFESSIONAL
NEGLIGENCE, TORTIOUS BAD FAITH, REFORMATION & DECLARATORY RELIEF          1548061.2

1  matter jurisdiction and no statutory exceptions to jurisdiction exist.

2      8.    Venue is proper in the County of Alameda pursuant to California Code of Civil Procedure section 395.5, *inter alia*, because the contracts to procure insurance and other obligations of Plaintiffs and STORELEE and STATE FARM were to be performed in the County of Alameda. In addition, the subject insurance contract was paid for and delivered in Alameda County.

## GENERAL ALLEGATIONS

### I. THE INSURANCE POLICY

9.    On information and belief, STORELEE advertised that: "We offer the best insurance policies in a hurry! . . . we have been in business for over 25 years. My fully licensed staff and myself have 75 plus years of experience!!! . . . We specialize in customer service from the point of sale. We know what it takes to help you or your client." STORELEE services as an experienced and an auto insurance specialist were recommended to Plaintiffs.

10.    On information and belief, STATE FARM advertised that: "State Farm® has been in the business of providing excellent automobile coverage at an affordable price since 1922. Responding to our customers' needs keeps us the leader in auto insurance. . . . The company [State Farm] is principally engaged in writing automobile insurance." STATE FARM insurance was recommended to Plaintiffs by STORELEE, an agent for STATE FARM.

11.    On or about May 16, 2004, SAMIEIAN contacted STORELEE to place an order for an automobile liability policy covering the HUMMER. SAMIEIAN specifically requested the "most insurance" and highest liability bodily injury limits possible.

12.    STORELEE falsely represented that the highest liability bodily injury limits available were $250,000, per person.

13.    SAMIEIAN had no prior experience purchasing auto insurance in the United States. SAMIEIAN told STORELEE that he carried as much as $2,000,000 in automobile liability coverage in Canada, and asked STORELEE if he was sure that there

- 3 -
COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENT MISREP., PROFESSIONAL NEGLIGENCE, TORTIOUS BAD FAITH, REFORMATION & DECLARATORY RELIEF    15460612

1. was not a policy with higher liability bodily injury limits than $250,000. STORELEE
2. assured SAMIEIAN that $250,000 was the maximum amount of coverage available, and
3. further represented to SAMIEIAN that the subject proposed policy was the "Cadillac of
4. insurance" - clearly representing (incorrectly) that the subject policy had the best and
5. highest possible coverages and that no other or greater liability insurance coverage was
6. required.

7.    14. In detrimental reliance on STORELEE's several false representation that
8. the maximum liability bodily injury coverage limit available was $250,000, Plaintiffs
9. authorized STORELEE to apply for and secure the subject auto policy.

10.    15. In May 2004, STATE FARM issued an automobile liability insurance policy
11. that covered Plaintiffs, in effect from May 14, 2004 through November 14, 2004 (Policy
12. Number 74 9567-E14-05A), which provided coverage of only $250,000, per person, for
13. bodily injury (hereinafter "the POLICY"). A true and correct copy of the POLICY
14. Declarations Page is attached hereto as Exhibit A.

15. **II. PLAINTIFFS' INSURANCE BROKER AND/OR AGENT**

16.    16. At all times herein relevant, STORELEE was a licensed, or held himself out
17. as a licensed, insurance broker with the State of California, and/or STORELEE was an
18. appointed agent of STATE FARM through the California Department of Insurance,
19. and/or held himself out to be an agent of STATE FARM.

20.    17. At all times herein relevant, STORELEE acted as Plaintiffs' insurance
21. broker on the POLICY.

22.    18. On information and belief, STORELEE and STATE FARM held themselves
23. out as an insurance agent/broker, and an insurance company, with experience and
24. expertise in the insurance industry, and auto liability insurance in particular, including but
25. not limited to:
26.      a. "We are a Multi line insurance agency. We offer all lines of
27.        insurance. We have been in business for over 25 years. My fully
28.        licensed staff and myself have 75 plus years of experience!!!" (See

- 4 -
COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENT MISREP., PROFESSIONAL
NEGLIGENCE, TORTIOUS BAD FAITH, REFORMATION & DECLARATORY RELIEF    1546061.2

           http://localism.com/agents/richardstorelee.)

    b.   "We specialize in customer service from the point of sale. We know what it takes to help you or your client." (See http://localism.com/agents/richardstorelee.)

    c.   "State Farm® has been in the business of providing excellent automobile coverage at an affordable price since 1922. Responding to our customers' needs keeps us the leader in auto insurance." (See http://www.statefarm.com/Insurance/auto_insurance/auto_insurance.asp.)

    d.   "The company [STATE FARM] is principally engaged in writing automobile insurance." (See http://www.statefarm.com/about/terms/terms.asp.)

19. On behalf of Plaintiffs, STORELEE applied for the POLICY.

20. Through all Defendants' conduct, alleged above, STORELEE created a duty for all the Defendants to correctly and competently advise Plaintiffs of the availability of policies with higher liability bodily injury limits, to apply for and place an auto policy with the maximum coverage limits available, as requested by Plaintiffs, and to correctly advise Plaintiffs of the adequacy of the POLICY.

III. **THE UNDERLYING CLAIM & TENDER**

21. On or about June 16, 2004, SAMIEIAN was driving the HUMMER when he accidentally struck Murat Dikey (hereinafter, the "INCIDENT").

22. Mr. Dikey filed suit against Plaintiffs in British Columbia for damages caused by the INCIDENT (hereinafter the "DIKEY ACTION"). Plaintiffs timely tendered the DIKEY ACTION to STATE FARM. Plaintiffs were recently found liable for $1,000,650 (Canadian Dollars) in damages plus additional amounts to be determined.

23. On Information and belief, STATE FARM has promised to pay $250,000 (US Dollars) of said judgment, leaving Plaintiffs responsible the balance of said

- 5 -

COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENT MISREP., PROFESSIONAL NEGLIGENCE, TORTIOUS BAD FAITH, REFORMATION & DECLARATORY RELIEF     1548061.2

1  judgment.

24.  Defendants' conduct in breaching their contract, negligence in procuring a policy for less than the maximum amount of coverage available, and misrepresentations concerning available policy limits, has also forced Plaintiffs to incur un-reimbursed expenses in filing and prosecuting this action.

### FIRST CAUSE OF ACTION

**(Breach of Implied Contract To Procure Insurance, By Plaintiffs Against STORELEE, STATE FARM, and DOES 1-10)**

25.  Plaintiffs incorporate by reference, as though fully set forth herein, the above paragraphs 1 through 24.

26.  As Plaintiffs' insurance broker, and as a STATE FARM agent, STORELEE held himself out as an experienced licensed agent/broker with experience and expertise in the insurance industry. STORELEE was responsible for procuring Plaintiffs' insurance policy with the maximum amount of liability bodily injury coverage available. All Defendants breached their contracts to procure an appropriate insurance policy with the maximum amount of liability bodily injury coverage available.

27.  Based on Defendants' course of conduct, Plaintiffs had reasonable expectations, which were fully and clearly understood by all Defendants, that they inform Plaintiffs of the maximum amount of liability bodily injury coverage available and would place an insurance policy with the maximum limit available. Plaintiffs' reasonable expectations, and Defendants' knowledge of these expectations, were made clear for many reasons, including, but not limited to, the following:

   a.  Defendants' experience, expertise, and extensive knowledge in the insurance industry, and with STATE FARM's auto liability products in particular;

   b.  Plaintiffs explicit request for the maximum amount of liability bodily injury coverage available; and

   c.  Plaintiffs explicit questions concerning whether the $250,000 bodily

- 6 -

COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENT MISREP., PROFESSIONAL
NEGLIGENCE, TORTIOUS BAD FAITH, REFORMATION & DECLARATORY RELIEF                1546081.2

injury limit STORELEE quoted as the maximum amount of liability bodily injury coverage available was correct.

28. All Defendants breached their implied contractual obligations by among other things failing to:

    a. advise Plaintiffs that STATE FARM and/or other insurers offered far more than $250,000 in liability bodily injury policy limits;

    b. advise Plaintiffs that STATE FARM offered, on information and belief, much higher coverage;

    c. advise Plaintiffs that STATE FARM offered other greater coverage when combined with an umbrella/excess policy; and

    d. advise Plaintiffs that the POLICY, with liability bodily injury limits of $250,000, did not in fact provide the maximum amount of coverage available.

29. As a direct and proximate result of all Defendants' breaches of this implied contract, Plaintiffs have been damaged as detailed above in paragraphs 22 through 24.

## SECOND CAUSE OF ACTION

(Negligent Misrepresentation, By Plaintiffs
Against STORELEE, STATE FARM, and DOES 1-10)

30. Plaintiffs incorporate by reference, as though fully set forth herein, the above paragraphs 1 through 29.

31. STORELEE misrepresented to Plaintiffs the amount of coverage available and the extent and type of coverage that could have procured on behalf of Plaintiffs, including but not limited to the following:

    a. that a $250,000 liability bodily injury policy limit was the maximum amount of coverage available; and

    b. that the POLICY STORELEE obtained provided the maximum liability bodily injury limits available to Plaintiffs and was therefore the "Cadillac of Insurance."

- 7 -

COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENT MISREP., PROFESSIONAL
NEGLIGENCE, TORTIOUS BAD FAITH, REFORMATION & DECLARATORY RELIEF    1546061.2

32. These representations made by STORELEE were false. First, $250,000 is not the highest liability bodily injury policy limit offered by STATE FARM and/or other California auto insurers. At the time the POLICY was issued, STATE FARM and other insurers could have and would have offered and provided significantly greater liability bodily injury coverage both at the primary level and/or combined with an umbrella policy. Second, the POLICY with only a bodily injury limit of $250,000 was not the "Cadillac of insurance."

33. STORELEE was experienced at designing and applying for auto insurance, including, but not limited to, auto insurance liability policies through STATE FARM. Accordingly, STORELEE had no reasonable grounds for believing that $250,000 was the maximum amount of liability bodily injury coverage available or that the POLICY procured for Plaintiffs was the "Cadillac of insurance."

34. STORELEE intended that Plaintiffs rely on these representations. This intention is evidenced by many facts including, but not limited to, the following:

    a. STORELEE held himself out as having expertise in the insurance industry and experience obtaining auto insurance policies through STATE FARM;

    b. STORELEE knew that Plaintiffs' were from Canada and had no experience buying auto insurance in the United States;

    c. STORELEE knew that Plaintiffs' specifically requested an auto policy with the "maximum" amount of liability bodily injury coverage available;

    d. STORELEE was specifically told by Plaintiffs that that he carried as much as $2,000,000 in automobile liability coverage in Canada.

35. Plaintiffs justifiably relied on the representations made by STORELEE regarding the amount of coverage available when Plaintiffs authorized him to procure the POLICY.

36. Relying on STORELEE's representations was a substantial factor in

- 8 -
COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENT MISREP., PROFESSIONAL
NEGLIGENCE, TORTIOUS BAD FAITH, REFORMATION & DECLARATORY RELIEF       15460612

1  causing PLAINTIFFS' damages because had STORELEE not made these
2  misrepresentations, Plaintiffs' would have obtained a policy with the maximum coverage
3  available which would have eliminated Plaintiffs' exposure to the DIKEY ACTION and
4  the resulting litigation expenses as detailed above in paragraphs 22 and 24.
5     37.   Relying on these representations has damaged PLAINTIFFS as detailed
6  above in paragraphs 22 through 24.

## THIRD CAUSE OF ACTION

**(Professional Negligence, By Plaintiffs
Against STORELEE, STATE FARM, and DOES 1-10)**

10    38.   Plaintiffs incorporate by reference, as though fully set forth herein, the
11  above paragraphs 1 through 37.
12    39.   All Defendants owed Plaintiffs a duty of care in procuring the POLICY and
13  insuring that the POLICY provided the insurance requested (i.e., the maximum amount
14  of liability bodily injury coverage available), and to advise Plaintiffs of the adequacy of
15  their insurance; to correctly advise Plaintiffs as to the maximum amount of liability bodily
16  injury coverage available; and to advise Plaintiffs as to the true nature of quality of the
17  POLICY.
18    40.   All Defendants represented to Plaintiffs that they were experienced at
19  designing and obtaining insurance policies. Plaintiffs relied on these representations by
20  allowing all Defendants to design an auto liability policy for Plaintiffs providing the
21  maximum amount of liability bodily injury coverage available.
22    41.   All Defendants represented to Plaintiffs that an auto insurance policy with
23  $250,000 in liability bodily injury coverage was the maximum liability bodily injury
24  coverage available in response to Plaintiffs' (1) explicit request for a policy with the
25  maximum amount of coverage available; and (2) explicit question regarding whether
26  STORELEE was sure that $250,000 was the maximum amount of liability bodily injury
27  coverage available. Plaintiffs relied on these representations by authorizing STORELEE
28  to obtain and secure the POLICY with $250,000 in liability bodily injury policy limits.

- 9 -

COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENT MISREP., PROFESSIONAL
NEGLIGENCE, TORTIOUS BAD FAITH, REFORMATION & DECLARATORY RELIEF     15480512

42. All Defendants breached their duty to exercise reasonable skill, care and diligence by among other things failing to:

    a. advise Plaintiffs that STATE FARM offered more than $250,000 in liability bodily injury policy limits;

    b. advise Plaintiffs that STATE FARM offered, on information and belief, over a million dollars in auto liability bodily coverage either alone at the primary level or in combination with an umbrella policy;

    c. advise Plaintiffs that other auto insurance companies offered policies with liability bodily injury limits greater than $250,000;

    d. procure a policy with the maximum limits available; and

    e. advise Plaintiffs that the POLICY, with liability bodily injury limits of $250,000, did not provide the maximum amount of coverage available.

43. Had Defendants not breached their duty to exercise reasonable skill, care and diligence, Plaintiffs would have obtained a policy for the maximum amount of coverage available.

44. All Defendants' negligent procurement of the POLICY has damaged Plaintiffs as detailed above in paragraphs 22 through 24.

### FOURTH CAUSE OF ACTION

(Tortious Bad Faith Denial of Duty to Indemnify By Plaintiffs Against STATE FARM, and DOES 1-10)

45. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 44, as though fully set forth herein.

46. The POLICY contains an implied covenant of good faith and fair dealing under which STATE FARM agreed not to take any action that would deprive Plaintiffs of their rights and benefits under the POLICY.

47. STATE FARM unreasonably, and in tortuous breach of the covenant of good faith and fair dealing, refused to cover Plaintiffs for the full judgment rendered

- 10 -

COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENT MISREP., PROFESSIONAL NEGLIGENCE, TORTIOUS BAD FAITH, REFORMATION & DECLARATORY RELIEF     1546061.2

1 | against them in the DIKEY ACTION.

2     48.    As a proximate result of STATE FARM's refusal to cover the DIKEY ACTION up to the maximum amount of coverage offered by STATE FARM, Plaintiffs were compelled to incur attorneys' fees and other costs and expenses in the litigation defense of the DIKEY ACTION and the litigation of this Complaint. As a further proximate result of STATE FARM's wrongful denial, Plaintiffs have been forced to incur related expenses all according to proof, including but not limited to the difference between the $1,000,650 (Canadian Dollars) and the $250,000 (US Dollars) that STATE FARM has promised to pay.

    49.    The acts of STATE FARM alleged above were done intentionally, maliciously, oppressively, and with the intent of defrauding Plaintiffs, who may therefore recover exemplary or punitive damages.

### FIFTH CAUSE OF ACTION

**(Reformation, By Plaintiffs Against STATE FARM, and DOES 1-10)**

    50.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 49, as though fully set forth herein.

    51.    By and through STORELEE, STATE FARM issued the POLICY to Plaintiffs to carry out their intended agreement—to provide Plaintiffs with an auto liability insurance coverage for the maximum amount of liability bodily injury coverage available.

    52.    Plaintiffs believed and relied on STORELEE's mistaken representations that the maximum amount of liability bodily injury coverage available was $250,000.

    53.    The POLICY was therefore bound with $250,000 in coverage which, on information and belief, is far below the maximum coverage available under a primary auto policy and/or a primary auto policy in combination with an umbrella liability policy.

    54.    The failure of the POLICY to reflect the true intent of the parties resulted from either fraud or a mutual mistake of fact in that both parties believed and understood that said policy would provide Plaintiffs with the maximum amount of liability bodily injury coverage available.

- 11 -

COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENT MISREP., PROFESSIONAL NEGLIGENCE, TORTIOUS BAD FAITH, REFORMATION & DECLARATORY RELIEF     1546061.2

55. The incorrect policy limit—by either fraud or mistake—has and continues to materially affect the rights of Plaintiffs in seeking coverage for the DIKEY ACTION.

56. As such, Plaintiffs seek reformation of the POLICY to reflect the true intent of the parties, which was to provide Plaintiffs with the maximum amount of liability bodily injury coverage available for an auto liability policy.

### SIXTH CAUSE OF ACTION
(Declaratory Relief - Duty to Indemnity By Plaintiffs Against STATE FARM, and DOES 1-10)

57. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 56, as though fully set forth herein.

58. Pursuant to Code of Civil Procedure Section 1060, Plaintiffs assert this cause of action for declaratory relief against STATE FARM.

59. An actual controversy has arisen and now exists between Plaintiffs and STATE FARM concerning their respective rights, obligations and duties under the POLICY. Plaintiffs contend that under the POLICY, they are entitled to complete indemnity from STATE FARM equal to the maximum amount of liability bodily injury coverage offered by STATE FARM for an auto liability policy rather than the $250,000 in coverage mistakenly listed on the POLICY. STATE FARM contends that its indemnity duties under the POLICY are limited to $250,000.

60. Declaratory relief is necessary to determine whether Plaintiffs are entitled to coverage in the DIKEY ACTION upon to an amount equal to the maximum amount of liability bodily injury coverage offered by STATE FARM for an auto liability policy.

///
///
///
///
///
///
///

- 12 -
COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENT MISREP., PROFESSIONAL
NEGLIGENCE, TORTIOUS BAD FAITH, REFORMATION & DECLARATORY RELIEF          1548081.2

## PRAYER

WHEREFORE, Plaintiffs pray as follows:

1. General and compensatory damages in an amount to be proven at trial with interest thereon as provided by law;

2. For damages according to proof for breach of implied contract, including extra-contractual damages in an amount to be determined at trial;

3. Declaration that Defendant STATE FARM is obligated under the POLICY to cover Plaintiffs in the DIKEY ACTION up to an amount equal to the maximum amount of auto liability bodily injury coverage offered by STATE FARM;

4. For an order reforming the POLICY to provide the maximum amount of auto liability bodily injury coverage offered by STATE FARM;

5. For attorneys' fees and costs incurred in obtaining the POLICY benefits, as provided by law (i.e., *Brandt v. Sup. Ct. (Standard Ins. Co.)* (1985) 37 Cal.3d 813) (as against Defendant STATE FARM only);

6. For attorneys' fees and costs as provided by tort of another and by law (as against Defendant STORELEE only);

7. For prejudgment interest in an amount to be determined at trial;

8. For costs of suit and interest herein;

9. For punitive damages against Defendants in an amount sufficient to deter and make an example of Defendants; and

10. For such other and further relief as the Court deems just and proper.

DATED: July 11, 2008                    HANSON BRIDGETT LLP

                                        By: *[signature]*
                                        ALEXANDER J. BERLINE
                                        CHRISTINE HILER
                                        Attorneys for Plaintiffs
                                        MOE SAMIEIAN, an individual; and
                                        MOE'S HOME COLLECTION, LLC, a
                                        California limited liability company

- 13 -

COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENT MISREP., PROFESSIONAL
NEGLIGENCE, TORTIOUS BAD FAITH, REFORMATION & DECLARATORY RELIEF        1546061.2