1 | STEPHEN M. HAYES (SBN 83583)
**HAYES DAVIS BONINO ELLINGSON**
2 | **McLAY & SCOTT, LLP**
203 Redwood Shores Parkway, Suite 480
3 | Redwood Shores, California 94065
Telephone: 650.637.9100
4 | Facsimile: 650.637.8071

5 |
ROBERT S. McLAY (SBN 176661)
6 | CHERIE M. SUTHERLAND (SBN 217992)
**HAYES DAVIS BONINO ELLINGSON**
7 | **McLAY & SCOTT, LLP**
770 L Street, Suite 950
8 | Sacramento, California 95814
Telephone: 916.449.3958
9 | Facsimile: 916.449.8256

10 |
Attorney for Defendants
11 | RICHARD STORELEE and STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY (erroneously sued as STATE FARM
12 | INSURANCE, INC.)

13 | UNITED STATES DISTRICT COURT

14 | NORTHERN DISTRICT OF CALIFORNIA

15 | MOE SAMIEIAN, an individual; and MOE'S HOME COLLECTION, LLC, a California limited liability company,

**CASE No. 3:08-CV-03918-BZ**

16 |

**[State Court Action: 08397801]**

17 | Plaintiffs,

18 | vs.

**STATE FARM'S NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANT STORELEE, DISMISS TORTIOUS BAD FAITH CAUSE OF ACTION AND STRIKE IMPROPER PRAYER FOR RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE; and STATE FARM'S STIPULATION IN SUPPORT THEREOF**

19 |

20 | RICHARD STORELEE, an individual; STATE FARM INSURANCE, INC., a foreign insurance company; and DOES 1 TO 10, inclusive,

21 |

22 | Defendants.

23 |

24 |

**Date:      October 8, 2008**
**Time:      10:00 a.m.**
**Ctrm:      Courtroom G, 15th Floor**
**Judge:     Hon. Bernard Zimmerman**

25 |

26 |

27 |

28 |

-1-

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN that on October 8, 2008 at 10:00 a.m. in Courtroom G, of the above-entitled Court, Defendant State Farm Mutual Automobile Insurance Company ("State Farm") will and hereby does, move this Court for an order to dismiss Defendant Richard Storelee ("Storelee") as an improper defendant pursuant to Federal Rules of Civil Procedure, Rules 12(b)(6), to dismiss plaintiffs' fourth cause of action for tortious bad faith pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), and to strike plaintiffs' ninth prayer for punitive damages and fifth prayer for attorneys' fees and costs pursuant to Federal Rules of Civil Procedure, Rule 12(f).

The motion will be made upon the following grounds:

1. Based upon the allegations of the Complaint, Samieian cannot state a cause of action against Storelee since he is nothing more than an agent for a disclosed principle. (Complaint, pp. 2:11-14; 3:19-20; & 4:17-19). By way of example, "STORELEE was the insurance broker . . . the duly authorized agent and employee of STATE FARM . . ." "STATE FARM insurance was recommended to Plaintiffs by STORELEE, and agent for STATE FARM." "STORELEE was an appointed agent of STATE FARM . . .") While Storelee at this stage of the pleadings may be able to state a claim against State Farm, he cannot state a claim against State Farm's agent. "An agent of an insurance company is generally immune from suits brought by claimants for actions taken while the agent was acting within the scope of his agency. . . In such cases, the cause of action lies against the insurance company and not its agent. . . . . This rule has been applied to claims for fraud." (*Icasiano v. Allstate Insurance Co et al.*, (103 F. Supp.2d 1187, 1189-1190 (N.D. Cal. 2000);[1] see also, *Good v. Prudential Ins. Co. of American*, 5 F. Supp.2d 804, 807 (N.D. Cal. 1998).)

2. Based upon the allegations of the Complaint, Samieian cannot state a cause of action for tortious bad faith since he has not alleged, because he cannot, that State Farm breached a contractual obligation. As a matter of California law, for there to be a breach of the implied covenant claim their must first be a contractual obligation that was breached. As explained by one court, "[the] implied covenant is auxiliary and supplementary to express contractual obligations; it has no existence separate from the contractual obligations." (*Fireman's Fund Ins. Co. v. Maryland*

---

[1] Internal quotations and citations omitted.

1  | *Casualty Company*, 21 Cal.App.4th 1586, 1599 (1994).)

2  |     3.  In the present action, Samieian is seeking damages for his breach of the implied

3  | covenant claim against State Farm.  Specifically, Samieian is seeking attorneys' fees and punitive

4  | damages based only on this claim.  However, Samieian's breach of the implied covenant claim

5  | should be dismissed.  Since the relief upon which Samieian seeks to obtain necessarily hinges on

6  | his breach of the implied covenant claim that fails, Samieian's claim for punitive damages and

7  | attorneys' fees must also fail.  As such, Samieian's *fifth* prayer for attorneys' fees and *ninth* prayer

8  | for punitive damages must be stricken.

9  |     This motion is based upon this Notice, the Memorandum of Points and Authorities in

10 | support of the motion, the Request for Judicial Notice, State Farm's Stipulation, and all other

11 | pleadings and papers filed herein and such other matters as the court deems proper.

12 | Dated:  August 14, 2008      HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP

By /S/ ROBERT S. McLAY
STEPHEN M. HAYES
ROBERT S. McLAY
CHERIE M. SUTHERLAND
Attorney for Defendant
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and RICHARD
STORELEE

STATE FARM'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE