1  STEPHEN M. HAYES (SBN 83583)
   **HAYES DAVIS BONINO ELLINGSON**
2  **McLAY & SCOTT, LLP**
   203 Redwood Shores Parkway, Suite 480
3  Redwood Shores, California 94065
   Telephone: 650.637.9100
4  Facsimile: 650.637.8071

5

   ROBERT S. McLAY (SBN 176661)
6  CHERIE M. SUTHERLAND (SBN 217992)
   **HAYES DAVIS BONINO ELLINGSON**
7  **McLAY & SCOTT, LLP**
   770 L Street, Suite 950
8  Sacramento, California 95814
   Telephone: 916.449.3958
9  Facsimile: 916.449.8256

10

   Attorney for Defendants
11 RICHARD STORELEE and STATE FARM MUTUAL AUTOMOBILE
   INSURANCE COMPANY (erroneously sued as STATE FARM
12 INSURANCE, INC.)

13              UNITED STATES DISTRICT COURT

14           NORTHERN DISTRICT OF CALIFORNIA

15 | MOE SAMIEIAN, an individual; and MOE'S | CASE No. 3:08-CV-03918-BZ

16 | HOME COLLECTION, LLC, a California limited liability company, | [State Court Action: 08397801]

17 | Plaintiffs, |

18 | vs. | **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S**

19 | | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS**

20 | RICHARD STORELEE, an individual; STATE | **MOTION TO DISMISS STORELEE, DISMISS TORTIOUS BAD FAITH**

21 | FARM INSURANCE, INC., a foreign insurance company; and DOES 1 TO 10, inclusive, | **CAUSE OF ACTION, AND STRIKE IMPROPER PRAYER FOR RELIEF**

22 | Defendants. | **Date:      October 8, 2008**

23 | | **Time:      10:00 a.m.**
   | | **Ctrm:      Courtroom G, 15th Floor**
24 | | **Judge:     Hon. Bernard Zimmerman**

25    Defendant State Farm Mutual Automobile Insurance Company ("State Farm") hereby

26 submits its memorandum of points and authorities in support of its motion to dismiss defendant

27 Richard Storelee ("Storelee"), dismiss plaintiff Moe Samieian's ("Samieian") cause of action for

28 tortious bad faith, and strike Samieian's prayer for punitive damages and attorneys' fees pursuant to

-1-

1  *Brandt v. Sup. Ct.*

2
## I.
## INTRODUCTION

3      With this instant motion, State Farm requests the court make the following *four* orders.

4      First, that Defendant Storelee be dismissed from this case, since in situations such as those

5  alleged within the Complaint, he is not a proper defendant.  Storelee cannot be liable for allegedly

6  failing to obtain for Samieian an adequate insurance policy when Storelee was an agent for a

7  disclosed principle, State Farm, was employed by State Farm, and Storelee was acting within the

8  scope of that agency.  Since Storelee is not a proper defendant, he must be dismissed.

9      Second, State Farm requests that the court dismiss Samieian's fourth cause of action, since

10  Samieian cannot state a cause of action for tortious bad faith when, as Samieian concedes in his

11  Complaint, there has been no withholding of policy contract benefits.  Accordingly, Samieian's

12  cause of action for tortious bad faith must be dismissed.

13      Third, Samieian's prayer for punitive damages which is dependent only on Samieian's

14  tortious bad faith cause of action must be stricken.

15      Fourth, Samieian's prayer for attorneys' fees and costs pursuant to *Brandt v. Superior Court*,

16  that hinges on a finding of tortious bad faith must be stricken as well.

17      In sum, State Farm requests the following: (1) Storelee be dismissed since he is not an

18  appropriate defendant; (2) Samieian's cause of action for tortious bad faith be dismissed because he

19  has no viable claim; (3) Samieian's prayer for punitive damages be stricken; and, (4) Samieian's

20  prayer for attorneys' fees and costs pursuant to *Brandt v. Superior Court* be stricken.

21
## II.
## FACTUAL BACKGROUND AS ALLEGED WITHIN THE COMPLAINT[1]

22      This action arises out of an automobile accident which occurred on June 16, 2004, wherein

23  Samieian was driving a Hummer "when he accidentally struck Murat Dikey." (Complaint, 5:21-

24  22.) As a result, Samieian was "found liable for $1,000,650 (Canadian Dollars) in damages plus

25  additional amounts to be determined." (Complaint, 5:25-26.)  Samieian's automobile insurance

26  policy with State Farm provided coverage of $250,000 per person for bodily injury.  (Complaint,

27

28  _____

[1]  The Complaint is attached to the Request for Judicial Notice as Exhibit "A."

**STATE FARM'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1332**

1  4:10-14.) "State Farm has promised to pay $250,000 (US Dollars) of said judgment, leaving

2  Plaintiffs responsible [for] the balance of the judgment." (Complaint, 5:27-6:1.)

3          Samieian claims that he should have had the "maximum amount of coverage" offered by

4  State Farm, but that State Farm negligently advised that $250,000 was the maximum liability limit

5  available. (Complaint, 8:25-9:4 and 10:14-16.) Samieian has sued his insurer and his insurance

6  agent for the alleged failure of obtaining the proper insurance coverage.

7                                              **III.**
   **THE COURT HAS THE AUTHORITY TO DISMISS IMPROPERLY NAMED**
8  **DEFENDANTS AND CAUSES OF ACTION THAT FAIL ON THE FACE OF THE**
                    **COMPLAINT AS A MATTER OF LAW**
9          Federal Rules of Civil Procedure, Rule 12(b) authorizes a motion to dismiss for failure to

10 state a claim upon which relief can be granted. "On a motion to dismiss pursuant to Federal Rules

11 of Civil Procedure, Rule 12(b)(6), the allegations of the complaint must be accepted as true."

12 (*Thacker v. New York Life Ins.*, 796 F.Supp.1338, 1339 (E.D. Cal. 1992).) However, the court must

13 not assume ". . . the [plaintiff] can provide facts which [he or she] has not alleged or that the

14 defendants have violated . . . laws in ways that have not be alleged." (*Id.* at 1339.)

15         Further, the court need not accept as true conclusory allegations, legal characterizations,

16 unreasonable inferences or unwarranted deductions of fact. (*See In re: Dolorean Motor Co.*, 991

17 F.2d 1236, 1240 (6th Cir. 1993); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.

18 1981).) The court may dismiss the complaint if it appears the plaintiff can prove no set of facts in

19 support of the claim which would entitle him or her to relief. (*See Thacker v. New York Life. Ins.*,

20 796 F.Supp. at 1339.)

21         Here, the alleged "facts" demonstrate that Storelee cannot be liable for acts attributed to him

22 since the liability, if any, would lie with his principal State Farm. Accordingly, those claims against

23 him must be dismissed.

24         Further, Samieian concedes in the Complaint that State Farm did not withhold any contract

25 benefits, as State Farm promised to pay Samieian's policy limit of $250,000 of the said judgment.

26 Accordingly, as a matter of California law, since there has not been a withholding of contract

27 benefits, Samieian cannot state a claim for breach of the implied covenant. Put simply, Samieian

28

1   cannot present a cognizable legal theory for recovery against State Farm for tortious bad faith.

2   Consequently, since Samieian's tortious bad faith claim fails, his prayer for relief for punitive

3   damages and attorneys' fees must be stricken pursuant to Federal Rules of Civil Procedure, Rule

4   12(f), since these prayers for relief can only be recovered from the tortious bad faith claim.

## IV.
### A MOTION TO DISMISS SHOULD BE GRANTED WHERE, STORELEE CANNOT BE LIABLE FOR ACTS DONE AS AN AGENT WITHIN THE COURSE AND SCOPE OF THE AGENCY

As set forth above, Samieian contends that Storelee negligently mislead him about the maximum amount of bodily injury coverage limits available with State Farm. However, under California law, Samieian cannot state a cause of action against Storelee because as an agent of a disclosed principle Storelee is *not* subject to liability, even for fraud. Especially, where, as alleged here, Storelee was State Farm's agent, State Farm's employee and was acting within the scope of that agency.

Specifically, within the Complaint Samieian explained the relationship between Storelee and State Farm in the following manner:

> ➢ "At all times herein mentioned . . . STORELLE was . . . the duly authorized agent and employee of STATE FARM and in doing the things hereinafter mentioned was acting within the course and scope of his agency and employment." (Complaint, 2:11-14);

> ➢ "STATE FARM insurance was recommended to Plaintiffs by STRORELEE, an agent for STATE FARM." (Complaint, 3:19-20);

> ➢ "STORELEE was an appointed agent of STATE FARM through the California Department of Insurance and/or held himself out to be an agent of STATE FARM." (Complaint, 4:17-19.)

As alleged by Samieian, Storelee was a licensed insurance agent, working for State Farm, and was acting within the scope of that agency. This type of legal relationship results in State Farm, not Storelee, being potentially liable for any failing to procure the appropriate insurance policy.

The rule of law mentioned above has been affirmed by District Courts in this state on many

-4-

occasions.  By way of illustration:

> "In California it is settled that an agent acting within the course and scope of his employment cannot be held liable for damages resulting from a negligent failure to insure." (*Gasnick State Farm*, 825 F. Supp. 245, 249 (E.D. Cal. 1992).)

Finally, as held by this District Court,

> "Federal courts within this circuit have applied *Lippert* and *Gasnick* to find insurance agents to be improper defendants in cases in which the agent was sued for fraud and negligent misrepresentation." (*Good v. Prudential Ins. Co. of American*, 5 F. Supp.2d 804, 807 (N.D. Cal. 1998).)

> "An agent of an insurance company is generally immune from suits brought by claimants for actions taken while the agent was acting within the scope of his agency. . . .  In such cases, the cause of action lies against the insurance company and not its agent. . . . .  This rule has been applied to claims for fraud." (*Icasiano v. Allstate Insurance Co et al.*, 103 F. Supp.2d 1187, 1189-1190 (N.D. Cal. 2000).)[2]

These holdings make it clear that Storelee, who was merely acting as an employee of State Farm cannot be liable.  Especially where, as alleged by Samieian, Storelee was acting in the course of his agency relationship.

Therefore, Storelee is not a proper defendant in this case and must be dismissed.

## V.
## SAMIEIAN CONCEDES THAT STATE FARM DID NOT WITHHOLD ANY CONTRACT BENEFITS, THEREFORE, AS A MATTER OF CALIFORNIA LAW, IT CANNOT BE LIABLE FOR TORTIOUS BAD FAITH

Within the Complaint, Samieian contends that State Farm breached the implied covenant by not paying the "maximum amount of coverage offered" by State Farm or the $1,000,650 (Canadian Dollars) judgment from the underlying action of *Dikey v. Samieian*.  As a matter of California law, for there to be a breach of the implied covenant claim there must first be a contractual obligation that was breached.  As explained by one court, "[the] implied covenant is auxillary and supplementary to express contractual obligations; it has no existence separate from the contractual obligations." (*Fireman's Fund Ins. Co. v. Maryland Casualty Company*, 21 Cal.App.4th 1586, 1599 (1994).)

Samieian admits repeatedly in the Complaint that his policy contract provided coverage of

---

[2] Internal quotations and citations omitted.

1    $250,000, per person for bodily injury. Further, Samieian admits in his Complaint that State Farm

2    has promised to pay the $250,000 policy limit. These admissions contradict the allegation of bad

3    faith because it shows Samieian cannot prove that the benefits have been withheld under the policy

4    as written. Stated differently, State Farm has not breached the terms of its policy with Samieian

5    since his policy limit is $250,000, and State Farm agreed to pay the $250,000 limit. Therefore,

6    Samieian, *by his own concession*, is lacking the requisite contractual obligation (maximum amount

7    of coverage offered by State Farm) he claims is owed to him to support his implied covenant claim.

8    "Where benefits are fully and promptly paid, no action lies for breach of the implied-covenant-no

9    matter how hostile or egregious the insurer's conduct toward the insured may have been prior to

10   such payment. I.e., absent an actual withholding of benefits due, there is no breach of contract and

11   likewise no breach of the insurer's implied covenant." [Citations omitted] (*Love v. Fire Ins.*

12   *Exchange*, 221 Cal.App.3d 1136, 1150 (1990).) As a result, Samieian's tortuous bad faith claim

13   must be dismissed. For example, in the Complaint Samieian states:

14   ➢ "In May 2004, STATE FARM issued an automobile insurance policy that covered

15   Plaintiffs . . . which provided coverage of only $250,000, per person, for bodily

16   injury (hereinafter "the POLICY"). (Complaint, 4:10-13.)

17   ➢ ". . . STATE FARM has promised to pay $250,000 (US Dollars) of said judgment . .

18   ." (Complaint, 5:27-6:1.)

19   ➢ "Plaintiffs relied on these representations by authorizing STORELEE to obtain and

20   secure the POLICY with $250,000 in liability bodily injury policy limits."

21   (Complaint, 9:27-28.)

22   ➢ "The POLICY was therefore bound with $250,000 in coverage . . ." (Complaint,

23   11:22.)

24       The interpretation of a written contract is a matter of law for the courts. (*California*

25   *Shoppers, Inc., v. Royal Globe Ins. Co.*, 175 Cal.App.3d 1, 35 (1985).) Furthermore, the existence

26   and scope of a duty is a question of law for the court. (*Ann M. v. Pacific Plaza Shopping Center*, 6

27   Cal.App.4th 666, 674 (1993).) Here, the policy contract which Samieian attached to his Complaint

28   (see RJN Exhibit "A.") sets forth the "Limits of Liability-Coverage A-Bodily Injury" as $250,000

1    per person and $500,000 per accident.

2         The Declarations Page clearly sets forth Samieian's liability policy limit of $250,000.  The

3    impact of the policy limit relieves State Farm from having any contractual obligation to pay more

4    than the limit of $250,000.  That is, State Farm does not have any contractual obligation to pay the

5    "maximum amount of coverage offered" or to pay the *Dikey* judgment of $1,000,650 (Canadian

6    Dollars).  Further, under California law, when there are no contract benefits due under the policy

7    that have been withheld, the present claim for breach of the implied covenant of good faith and fair

8    dealing fails. (*Love v. Fire Ins. Exch.*, 221 Cal.App.3d 1136, 1151 (1990).)  The *Love* court

9    explained:

10        "[T]here are at least two separate requirements to establish a breach
          of the implied covenant:  (1) benefits due under the policy must have
11        been withheld; and (2) the reason for withholding benefits must have
          been unreasonable or without proper cause." (*Love v. Fire Ins. Exch.*,
12        *supra*, 221 Cal.App.3d at p. 1151.)

13
          The California Supreme Court approved of the *Love* court's reasoning in *Waller v. Truck*
14   *Ins. Exchange*, 11 Cal.4th 1, 36 (1995).)  In *Waller* the court held:
15
          "It is clear that if there is no potential for coverage and, hence, no
16        duty to defend under the terms of the policy, there can be no action
          for breach of the implied covenant of good faith and fair dealing
17        because the covenant is based on the contractual relationship between
          the insured and the insurer." (*Waller v. Truck Ins. Exch.*, *supra*, 11
18        Cal.4th at p. 36.)

19        The *Waller* court further held:

20        "Absent [a] contractual right, however, the implied covenant has
          nothing upon which to act as a supplement, and should not be
21        endowed with an existence independent of its contractual
          underpinnings." (*Id.*, internal citations omitted.)
22
          In the Complaint, Samieian concedes that his State Farm liability policy limit is $250,000,
23
     and that State Farm has agreed to pay this amount.  Based upon this concession, there has been no
24
     breach of the contract.  Nor can liability attach on a breach of the implied covenant claim that is
25
     dependent on a breach of contract claim.  Therefore, because State Farm cannot be subject to
26
     liability when it did not provide Samieian with a liability policy limit more than the $250,000, State
27
     Farm's motion to dismiss must be granted.
28

-7-

**STATE FARM'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1332**

## VI.
## THE COURT HAS AUTHORITY TO STRIKE DAMAGES THAT ARE NOT
## SUPPORTED BY THE ALLEGATIONS OF THE COMPLAINT

"Upon a motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Fed. Rules of Civ. Proc., Rule 12(f).) Immaterial matter is defined as matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." (*Fantasy, Inc. v. Fogerty*, 984 F.2d 124, 1527 (9th Cir. 1993).) The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those prior to trial. (*Sidney –Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).) A motion to strike may be used to strike the prayer for relief where the damages sought are not recoverable as a matter of law. (*Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974).) A "motion to strike is appropriate to address requested relief . . . which is not recoverable as a matter of law." (*Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. Cal. 2005) [recognizing prayers for punitive damages or for attorney's fees, in actions where they are not recoverable as a matter of law, are susceptible to a motion to strike].)

In the present action, Samieian is seeking damages for his breach of the implied covenant claim against State Farm. Specifically, Samieian is seeking attorneys' fees and punitive damages based only on this claim. However, as set forth in greater detail above, Samieian's breach of the implied covenant claim should be dismissed. Since the relief upon which Samieian seeks to obtain necessarily hinges on his breach of the implied covenant claim that fails, Samieian's claim for punitive damages and attorneys' fees must also fail. As such, Samieian's *fifth* prayer for attorneys' fees and *ninth* prayer for punitive damages must be stricken.

A.      **Samieian's Request for Punitive Damages Is Improper and Must be Stricken**

Absent a viable claim for bad faith, there is no basis for punitive damages. Here, as set forth above, Samieian's bad faith claim should be dismissed. Samieian's bad faith claim cannot be cured by amending since the facts of the Complaint show that there has been no withholding of contractual benefits. Accordingly, Samieian's punitive damages must be stricken.

"[T]here is no separate cause of action for punitive damages—they are only ancillary to a valid cause of action." (*Caira v. Offner*, 126 Cal.App.4th 12, 39 (2005).) For this reason, it is

-8-

1  necessary to consider the availability of such damages in the context of the specific legal claim and

2  not in isolation. Samieian has pled six causes of action, as follows: (1) breach of the implied

3  contract to procure insurance; (2) negligent misrepresentation; (3) professional negligence; (4)

4  tortious bad faith of duty to indemnify by plaintiffs; (5) reformation; and, (6) declaratory relief. In

5  this instance, the only claim in which Samieian pled in the Complaint wherein an award of punitive

6  damages is possible is his tortious bad faith claim.

7         The law is clear that punitive or exemplary damages, which are designed to punish and deter

8  statutorily defined types of wrongful conduct, are available only in actions "for breach of an

9  obligation not arising from contract." (Civ. Code § 3294(a).) In the absence of an independent tort,

10  punitive damages may not be awarded for breach of contract "even where the defendant's conduct

11  in breaching the contract was willful, fraudulent, or malicious." (*Myers Building Industries, Ltd. v.*

12  *Interface Technology, Inc.*, 13 Cal.App.4th 949, 959 (1993).)

13         Further, an award of punitive damages is not available in a claim for declaratory relief.

14  "Unlike coercive relief (such as damages, specific performance, or an injunction) in which a party is

15  ordered by the court to do or refrain from doing something, a declaratory judgment merely declares

16  the legal relationship between the parties. (*Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 898

17  (2002).) The only relief appropriate in a claim for declaratory relief is a declaration by the court of

18  the rights or duties of the respective parties.

19         In addition, Punitive damages are not recoverable for negligence. Mere negligence, even

20  gross negligence, is not sufficient to justify such an award. (*Ebaugh v. Rabkin*, 99 Cal.App.3d 891

21  (1972).) Since the cause of action for negligent misrepresentation is based on negligence and no

22  intent to deceive is required, the recovery of punitive damages is inappropriate. That is, punitive

23  damages are recoverable in fraud actions involving intentional, but not negligent, misrepresentation.

24  (*Alliance Mortgage Co. v. Rothwell*, 10 Cal.4th 1226 (1995).) Similarly, there is no basis for an

25  award of punitive damages based upon professional negligence.

26         Because Samieian's bad faith claim against State Farm is not viable, it is necessary to strike

27  Samieian's prayer for punitive damages.

28

**B.**    Samieian's Prayer for Attorneys' Fees Pursuant to *Brandt* Must be Stricken

In Samieian's Complaint, his fifth prayer is "[f]or attorneys' fees and costs incurred in obtaining the POLICY benefits, as provided by law (i.e., *Brandt v. Sup. Ct.* (Standard Ins. Co.)." (Complaint, 13:12-14.). Yet, as a matter of law, because dismissal of Samieian's bad faith claim is proper, a motion to strike is also the proper disposition of his fifth prayer for request for attorneys' fees and costs.

Pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d 813, 817, when an insurer's conduct is tortious and the insured is forced to retain an attorney, ***the insurer can be liable for the reasonable attorneys fees incurred in procuring the policy benefits***. That is, an insured could only recover attorneys' fees "attributable to the attorney's efforts to obtain the rejected payment due on the insurance contract." (*Id.*)

In *Brandt*, the court allowed the insured to recover as tort damages only the attorney fees incurred to obtain the policy benefits wrongfully denied. (*Brandt, supra* at 819.) Stated differently, attorneys' fees expended to obtain damages exceeding the policy limit or to recover other types of damages are not recoverable as *Brandt* fees. (*Ibid.*; *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 811-812.) The *Brandt* rule is a narrow exception to the general American rule embodied in the Civil Procedure Code § 1021 that each party to the litigation must pay its own attorneys' fees.

Here, Samieian admits that he received all of his policy benefits of $250,000, which is his bodily injury liability limit. Accordingly, Samieian is not entitled to his attorneys' fees.

Consequently, because no contractual or statutory provisions exist for an award of attorneys' fees, and *Brandt* fees are not recoverable under the facts of this case, State Farm's motion to strike Samieian's fifth prayer for an award of attorneys' fees must be stricken.

## VII.
## CONCLUSION

For the reasons set forth above, Storelee should be dismissed from this litigation, and the action should proceed against State Farm only.

Further, Samieian cannot state a claim for tortious bad faith, so his fourth cause of action should be dismissed. Since Samieian's ninth prayer for punitive damages and fifth prayer for

1  attorneys' fees hinges on his tortious bad faith claim that should be dismissed, Samieian's fifth and

2  ninth prayer for relief should be appropriately stricken.

3  Dated:  August 14, 2008                    HAYES DAVIS BONINO ELLINGSON McLAY &
                                              SCOTT, LLP
4

5

6                                             By /S/ ROBERT S. McLAY
                                                  STEPHEN M. HAYES
7                                                 ROBERT S. McLAY
                                                  CHERIE M. SUTHERLAND
8                                                 Attorney for Defendant
                                                  STATE FARM MUTUAL AUTOMOBILE
9                                                 INSURANCE COMPANY and RICHARD
                                                  STORELEE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STATE FARM'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1332