IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOE SAMIEIAN and MOE'S HOME COLLECTION, LLC,<br><br>          Plaintiffs,<br><br>   v.<br><br>RICHARD STORELEE; STATE FARM INSURANCE, INC.; and DOES 1-10,<br><br>          Defendants. | No. C 08-03918 SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |

Plaintiffs have filed a motion to remand this case to the appropriate state court. [Docket No. 19] The motion is scheduled for hearing on November 14, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS plaintiff's motion to remand.

**BACKGROUND**

**I.    Factual Background**

Plaintiffs Moe Samieian and Moe's Home Collection filed a complaint on July 11, 2008 in Alameda County Superior Court. Samieian is the president of Moe's Home Collection, a limited liability company. Complaint, ¶ 1. Plaintiffs allege that defendant Richard Storelee was an insurance broker licensed in California and an agent of defendant State Farm insurance. *Id.*, ¶ 16. On May 16,

2004, Samieian contacted Storelee to buy liability insurance for a car owned by Moe's Home Collection. *Id.*, ¶ 11. Samieian requested a policy offering the "most insurance" with the highest possible bodily injury limits. *Id.*, ¶ 11. Storelee assured Samieian that $250,000 was the maximum amount of coverage available. *Id.*, ¶ 13. In reliance on this representation, plaintiffs purchased a policy with coverage for that amount. *Id.* ¶ 15.

On June 16, 2004, Storelee was driving the car in Canada when he struck an individual named Murat Dikey. *Id.* ¶ 21. Dikey filed suit against plaintiffs, and plaintiffs were found liable for $1,000,650 (Canadian). *Id.*, ¶ 22. Plaintiffs tendered the claim to State Farm, which agreed to pay plaintiffs only $250,000. *Id.* ¶ 23. Plaintiffs brought suit against State Farm and Storelee for breach of contract, negligent misrepresentation, professional negligence, bad faith denial of duty to indemnify, reformation, and declaratory relief.

On August 15, 2008, defendants removed to this Court pursuant to 28 U.S.C. § 1441(a). Defendants' basis for jurisdiction was diversity of citizenship. *See* 28 U.S.C. § 1332. Defendants alleged that plaintiffs Samieian and Moe's Home Collection are citizens of Canada, defendant State Farm is a citizen of Illinois, and Storelee is a citizen of California. *See* Notice of Removal, ¶¶ 4-7.

## II.   Jurisdictional Facts

The parties agree that State Farm, which is incorporated and has its principal place of business in Illinois, is a citizen of that state. Likewise, the parties agree that Storelee is a citizen of California.

Plaintiff Samieian has been a lawful permanent resident of the United States for approximately two years. *See* Decl. of Moe Samieian in Supp. of Pl. Mot to Remand, ¶ 5. Before July 11, 2008, Samieian moved to Fremont, California, where he currently resides. *Id.* He has a California driver's license with his Fremont address. *Id.* At the time of his move, Samieian transferred his car insurance to California. *Id.* His principal reason for moving to California is that he is CEO and president of Moe's Home Collection, which is based in Richmond, California. *Id.* Moe's Home Collection is a limited liability company registered with the California Secretary of State. *Id.*

## LEGAL STANDARD

One exception to the requirement of complete diversity under 28 U.S.C. § 1332 is where a non-diverse defendant has been "fraudulently joined." Fraudulent joinder "is a term of art." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). In order to prove fraudulent joinder, the defendant must prove that the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citing *McCabe*, 811 F.2d at 1339). "If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1118 (N.D. Cal. 2002).

Defendants bear the burden of proving all facts necessary to support jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation omitted). "When there are real ambiguities among the relevant state law authorities, federal courts that are considering motions to remand should avoid purporting to decide how state courts would construe those authorities." *Macey*, 220 F. Supp. 2d at 1118.

## DISCUSSION

Plaintiffs move to remand this case to Alameda County Superior Court. According to plaintiffs, defendants' removal to this Court was improper because there is not complete diversity of citizenship between the parties, as required by 28 U.S.C. § 1332. The parties agree that Storelee is a citizen of California and that State Farm is a citizen of Illinois.

Lawful permanent residents are citizens of the states in which they are domiciled. *See* 28 U.S.C. § 1332(a). An individual is domiciled where he resides with the intent to remain. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Defendants do not dispute that Samieian resides in California and intends to remain there. Accordingly, for jurisdictional purposes, Samieian

3

is a citizen of California. As a limited liability company, Moe's Home Collection is a citizen of every state of which its owners or members are citizens. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Moe's Home Collection is therefore also a citizen of California. Because Storelee, like plaintiffs, is deemed a citizen of California, his presence in the lawsuit at the time of removal defeats diversity jurisdiction unless he was fraudulently joined.

This Court must determine whether it is well settled under California law that plaintiffs cannot state a claim against Storelee. Defendants contend that Storelee acted as State Farm's agent and that this relationship was fully disclosed.[1] According to defendants, Storelee is not personally liable for his acts because in California, licensed insurance agents working within the scope of their agency cannot be individually liable. Defendants are correct that generally, an agent who acts in the name of an insurance company is not personally liable for negligence committed within the scope of his or her employment. *See Lippert v. Bailey*, 241 Cal. App. 3d 376 (1966) (insurance agent not personally liable for negligent failure to obtain coverages requested by the insured).

California courts, however, have created exceptions to this general rule by making agents personally liable if they act as dual agents. *See Kurtz, Richards, Wilson & Co. v. Ins. Communicators Mktg. Corp.*, 12 Cal. App. 4th 1249, 1257 (2d Dist. 1993). " An insurance agent cannot be a 'dual agent' unless he or she is either an independent broker or has a long-term, special relationship with the insured." *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 808 (N.D. Cal. 1998). "[T]he existence of a dual agency is a question for the trier of fact." *Kurtz*, 12 Cal. App. 4th at 1258.

When dual agency exists, an agent may assume additional duties by (1) holding himself out as having specific expertise, *see Jones v. Grewe*, 189 Cal. App. 3d 950, 954 (2d Dist. 1987); (2) breach of the duty to use reasonable care, diligence, and judgment in procuring insurance, if an individual requests a particular type of coverage, *see Kurtz, Richards, Wilson & Co. v. Ins. Communicators Mktg. Corp.*, 12 Cal. App. 4th 1249, 1257 (2d Dist. 1993); and (3) misrepresenting the nature, extent or scope of the coverage being offered or provided, *see Fitzpatrick v. Hayes*, 57 Cal. App. 4th 916, 927 (1st Dist. 1997).

In this case, the parties dispute whether Storelee acted as a dual agent. Defendants claim that

---

[1] State Farm stipulates that Storelee acted in the course and scope of his agency relationship with State Farm. *See* Stipulation of State Farm in Supp. of Mot. to Dismiss.

4

he did not because Storelee acted at all times as State Farm's agent. Plaintiffs contend that Storelee was an independent broker. Plaintiffs cite the following advertisement listed at an internet address in Storelee's name: "We are a Multi line insurance agency. We offer all lines of insurance. We have been in business for over 25 years. My fully licensed staff and myself have 75 plus years of experience!!!" *See* Complaint, ¶ 18(a). The same site also advertised as follows: "We specialize in customer service from the point of sale. We know what it takes to help you or your client." Complaint, ¶ 18(b). These purported statements promoting Storelee's business could tend to prove that Storelee acted as an independent broker who transacted business *with* but not *on behalf of* State Farm. *See* Cal. Ins. Code § 33 (defining "broker" as one "who, for compensation and on behalf of another person, transacts insurance other than life with, but not on behalf of, an insurer."). In light of the presumption against removal, *Gaus*, 980 F.2d at 566, the Court must resolve the factual dispute in plaintiffs' favor and will assume Storelee acted as a broker.

A California court could find that Storelee is personally liable to plaintiffs for his acts as a dual agent. Plaintiffs allege that Storelee held himself out as an insurance agent with experience in auto liability. They also contend that Storelee had a duty to provide the "most insurance" possible, as Samieian requested. And plaintiffs allege that Storelee misrepresented the scope of coverage by falsely representing that $250,000 was the highest liability coverage available for bodily injury.

In light of the California authorities carving out exceptions to the general rule articulated in *Lippert*, this Court cannot hold that it is well settled under California law that plaintiffs cannot state a claim against Storelee.[2] Storelee therefore was not fraudulently joined as a defendant, and his California citizenship destroys diversity between the parties.

Accordingly, plaintiffs' motion to remand this case to the appropriate state court is GRANTED and this action is REMANDED to the Alameda County Superior Court where it was filed.

---

[2] The authorities cited by State Farm do not require the contrary conclusion. In *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003), there was no dual agency. *Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245 (E.D. Cal. 1992) was decided before *Fitzpatrick* and *Kurtz.* In addition, the plaintiffs in *Gasnik* did not allege facts to overcome the defendant's contention that the agents were employees of the insurer, not brokers. *See Gasnik*, 825 F. Supp. at 247 n.2. The Court of Appeal has expressly declined to follow *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). *See McNeill v. State Farm Life Ins. Co.*, 116 Cal. App. 4th 597, 603 (2d Dist. 2004).

5

.      Trial courts have discretion to award attorneys' fees and costs incurred as a result of removal to federal court. *See* 28 U.S.C. § 1447(c). The Court finds that fees and costs are not warranted in this case. Plaintiffs' motion for attorneys' fees and costs is DENIED. This Order MOOTS defendants' motion to dismiss. [Docket No. 13]

**IT IS SO ORDERED.**

Dated: 11/10/08

SUSAN ILLSTON
United States District Judge